UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| EQT PRODUCTION COMPANY, ) | |
| ) | |
| Plaintiff, ) | Action No. 5:16-cv-150-JMH |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| MAGNUM HUNTER PRODUCTION ) | **AND ORDER** |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

\*\*\*\*

**I. INTRODUCTION**

This matter is before the Court upon Plaintiff EQT Production Company's Objections [DE 65] to United States Magistrate Judge Robert E. Wier's Memorandum Opinion and Order of May 25, 2017 [DE 43], wherein he precluded EQT from relying on any evidence that it used to calculate its damages and failed to disclose to Magnum Hunter.[1]  Defendant Magnum Hunter Production Company having filed a Response [DE 69] at the Court's behest and the Court being otherwise sufficiently advised, this matter is now ripe for review. For the reasons stated herein, EQT's Objections are hereby **OVERRULED**.

---

[1] EQT requested that the Court hold oral argument on its Objections. [DE 65]. Such a measure is unnecessary because EQT reiterates arguments that have already been thoroughly analyzed in Judge Wier's Memorandum Opinion and Order [DE 43].

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

EQT and Magnum Hunter are in the business of producing and selling oil and natural gas. [DE 1, p. 1-2, ¶ 1-6]. Between 1996 and 2002, the predecessors in interest of both companies entered into eleven Farmout Agreements ("FOAs"), which allocated exploration and drilling rights on lands situated in Eastern Kentucky. [*Id.* at p. 2-5, ¶ 9]. Specifically, the FOAs allowed Magnum Hunter to drill wells on lands owned or leased by EQT and sell oil and/or gas produced from those wells. [*Id.*]. In exchange, EQT would receive a royalty from Magnum Hunter based on those sales. [*Id.*]. EQT alleges that Magnum Hunter breached the terms of the FOAs by failing to pay the appropriate royalties, as well as other fees. [DE 1, p. 8, ¶ 26].

After discovery closed, the parties contacted Judge Wier and requested a telephone conference to discuss a dispute that they had been unable to resolve themselves. [DE 41]. Judge Wier held the requested conference on April 10, 2017. [DE 43]. After hearing arguments from the parties, he provisionally "exclude[d] as a preclusive sanction under Rule 37(c) and (d), from further proceedings in this case any evidence on which EQT relied to make damages calculations that EQT did not produce to Magnum Hunter." [DE 43]. EQT filed a Motion for Reconsideration, which Judge Wier denied in a written Memorandum Opinion and Order on May 25, 2017.

[DE 49, 54, 55, 61]. EQT then submitted the Objections currently pending before the Court. [DE 69].

### III. ANALYSIS

A district court judge may refer non-dispositive pretrial matters to a magistrate judge for resolution. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Once the magistrate judge conducts the necessary proceedings and issues a written order stating his or her decision, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[2] *Heights Cmty. Cong. V. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

---

[2] Judge Wier treated this matter "as non-dispositive because … there is no suggestion here that the exclusion DE #43 countenanced was dispositive as to any specific claim." [DE 61 at 18]. Although Magnum Hunter has since moved for summary judgment on all of EQT's claims, arguing that EQT cannot prove damages without the excluded Enertia data, the Court finds that Judge Wier appropriately characterized this issue as non-dispositive. As the Court explains more fully in a separate Memorandum Opinion and Order, the excluded Enertia data corresponds to parts of EQT's various claims. Its absence does not, at this juncture, dispose of any claim *in toto*.

3

"A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). Stated another way, "[a]n 'objection' that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.; see also United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) (explaining that objections provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately").

In this case, the Court could simply overrule EQT's Objections on the basis that they are nothing more than a restatement of arguments already rejected by Judge Wier. However, the Court has considered EQT's Objections out of an abundance of caution and finds that they are not well-taken because they fail to demonstrate that Judge Wier's ruling was clearly erroneous in any respect.

Federal Rule of Civil Procedure 37(c)(1) provides as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

4

"In order to assess whether a party's omitted or late disclosure is 'substantially justified' or 'harmless,'" the United States Court of Appeals for the Sixth Circuit directs lower courts to consider the following five factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Howe v. City of Akron*, 801 F.3d 718, 747-48 (6th Cir. 2015).

EQT insists that Judge Wier's ruling is clearly erroneous because it is based on a misunderstanding of the Enertia database, in which EQT stored production and payment records for wells subject to the FOAs. In his Memorandum Opinion and Order, Judge Wier reasoned that the use of such records at trial would result in surprise to Magnum Hunter because EQT used this data to calculate its damages but failed to provide it to Magnum Hunter. EQT contends that Judge Wier overstated the extent of the surprise to Magnum Hunter because he did not understand that Magnum Hunter provided EQT with the numbers that it entered into the Enertia database. Because Magnum Hunter already had possession of the data entered into Enertia, and later used to calculate damages, EQT concludes that the surprise to Magnum Hunter is minimal.

5

The Memorandum Opinion and Order demonstrates that Judge Wier was well aware of this circumstance and took it into account in rendering his decision. As he explained, "[t]he raw data inputted into Enertia may well have (and apparently did) originally come from MHP, as EQT argues at length, but MHP was not aware of how EQT had processed the information, how Enertia treated, computed, or utilized it, how EQT used it to calculated damages, and the like." [DE 61 at 9]. Without such information, Magnum Hunter was unable to fully and meaningfully question John Bergonzi, EQT's corporate representative, about Enertia-based damages calculations. [*Id.*].

EQT also suggests that Judge Wier's ruling is clearly erroneous because there is time to cure its error without disrupting trial. In support of this proposition, EQT notes that it has now disclosed the Enertia data and is willing to let Magnum Hunter re-depose Bergonzi. However, as Judge Wier points out, this solution rewards EQT for its failure to comply with the rules of discovery. It would also require Magnum Hunter to spend time reviewing the Enertia data and re-deposing Bergonzi while EQT prepares for trial, unless the Court opted to revise the case schedule at this late date. Both courses of action defy the purpose of Rule 37. Because Judge Wier's analysis of these two *Howe* factors does not leave this Court the definite and firm

6

conviction that a mistake has been committed, it cannot be characterized as clearly erroneous. Absent that, the Memorandum Opinion and Order of May 25, 2017, stands.

### IV. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Plaintiff EQT Production Company's Objections [DE 65] to Judge Wier's Order of May 25, 2017 [DE 61] be, and are, hereby **OVERRULED**.

This the 19th day of July, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

7