UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| EQT PRODUCTION COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Action No. 5:16-cv-150-JMH |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MAGNUM HUNTER PRODUCTION | ) | **AND ORDER** |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*\*

**I. INTRODUCTION**

This matter is at bar upon Plaintiff EQT Production Company's motion for reconsideration of the Court's Memorandum Opinion and Order dated July 19, 2017 [DE 77]. EQT's motion is directed specifically at the Court's conclusion denying its claim for breach of contract related to improper deductions from NGL royalty calculations [DE 93]. For the reasons which follow, EQT's motion is **DENIED.**

**II. FACTUAL AND PROCEDURAL BACKGROUND**

EQT and Magnum Hunter are in the business of producing and selling oil and natural gas. [DE 1, p. 1-2, ¶ 1-6]. Between 1996 and 2002, the predecessors in interest of both companies entered into eleven Farmout Agreements ("FOAs"), which allocated exploration and drilling rights on lands situated in Eastern

1

Kentucky. [*Id.* at p. 2-5, ¶ 9]. Specifically, the FOAs allowed Magnum Hunter to drill wells on lands owned or leased by EQT and sell oil and/or gas produced from those wells. [*Id.*]. In exchange, EQT would receive a royalty from Magnum Hunter based on those sales. [*Id.*]. EQT alleges that Magnum Hunter breached the terms of the FOAs by failing to pay the appropriate royalties, as well as other fees. [DE 1, p. 8, ¶ 26].

After discovery closed, the parties filed competing motions for summary judgment on the various issues including the one subject of the motion at bar. After an exhaustive consideration of the materials submitted by the parties, the Court denied EQT's claim for breach of contract related to improper deductions from NGL royalty calculations.

### III. ANALYSIS

First, my colleague Judge Reeves, in discussing motions for reconsideration, wrote:

> Although motions to reconsider interlocutory orders are not expressly contemplated by the Federal Rules of Civil Procedure, the Sixth Circuit has held that district courts have discretion to reconsider such orders under the common law and Rule 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F. App'x 949, 959 (6th Cir.2004) (unpublished) (citing *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir.1991)). Reconsideration is appropriate when there has been a change in controlling law since the decision was made; when new

> evidence has become available; or when it is necessary "to correct a clear error or prevent manifest injustice." *Id.* (citing *Reich v. Hall Holding Co.,* 990 F.Supp. 955, 965 (N.D.Ohio 1998)). Reconsideration is not required, however, when the movant simply wishes to present evidence that was available prior to the court's decision but was not raised. *See id.; see also Am. Marietta Corp. v. Essroc Cement Corp.,* 59 F. App'x 668, 672 (6th Cir.2003) (unpublished) ( "Motions to reconsider must rely on new evidence and not information readily available during the prior proceedings."); *Owensboro Grain Co. v. AUI Contracting, LLC,* No. 4:08CV-94-JHM, 2009 U.S. Dist. LEXIS 18025, at *6, 2009 WL 650456 (W.D.Ky. Mar. 10, 2009) ("A motion to reconsider under Rule 54(b) ... may not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration [is] sought." (ellipsis in original) (quotations omitted)).

*Byrne v. Wood, Herron & Evans, LLP*, No. CIV.A. 2:08-102-DCR, 2009 WL 5064451, at *1 (E.D. Ky. Dec. 16, 2009). Applying this standard, the Court finds the motion at bar lacks merit.

Second, the Court, in a recent Memorandum Opinion and Order [DE 90], gave fair warning that it was disinclined to consider any such motion:

> As a final matter, the Court notes that both parties have expressed an intent to request reconsideration of matters that the Court decided in its Memorandum Opinion and Order. For example, EQT indicates that it will continue to argue about the NGL claim, while Magnum Hunter asks the Court to reconsider its ruling on prejudgment interest. [DE 79 at p.

3

6, n. 6; 84 at p. 1, n. 1]. The parties briefed these issues in great detail, submitted voluminous exhibits in support of their respective positions, and then supplemented those filings. The Court reviewed all of these documents and thoroughly considered each argument before issuing its Memorandum Opinion and Order. Because the Court has already devoted ample time and effort to the adjudication of these issues, and because the trial date is fast approaching, the Court is disinclined to consider any such Motions.

The parties need to spend more time resolving the issues which remain rather than rearguing issues which have been resolved.

## IV. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Plaintiff EQT Production Company's motion for reconsideration [DE 93] be, and it hereby is, **DENIED**.

This the 18th day of August, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge